IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| SYED QADEER, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) ) No.: 22-4716 |
| POOJA TRADING CO., d/b/a 7-11, | ) ) ) ) |
| Defendant. | ) |

**COMPLAINT**

Plaintiff, Syed Qadeer, complains against Defendant Pooja Trading Co., d/b/a 7-11, for: (1) failing to pay the minimum wage for all compensable hours worked in violation of the federal Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA"), the Illinois Minimum Wage Law, 820 ILCS 105/1, *et seq.* ("IMWL"), and the Cook County Minimum Wage Ordinance, Cook County, Ill. Municipal Code, § 42-11 *et seq.* ("CCO"); (2) failing to pay overtime wages for all compensable hours worked, in violation of the FLSA, IMWL, and CCO; and (3) failing to pay all agreed and earned wages in violation of the Illinois Wage Payment and Collection Act, 820 ILCS 115/1, *et seq.* ("IWPCA"), and in support thereof states:

**INTRODUCTION**

1. This is a straightforward case involving clear violations of the FLSA, IMWL, CCO, and IWPCA.

2. Defendant failed to pay Plaintiff his agreed to and earned wages for the first forty (40) hours worked between May 20, 2021, and May 27, 2021.

3. Plaintiff also worked in excess of forty (40) hours each week from approximately May 20, 2021, to September 30, 2021.

1

4. Defendant paid Plaintiff his straight-time or his regular hourly rate for all hours worked each day.

5. Plaintiff was not subject to any overtime pay exemptions under the FLSA, IMWL, or CCO.

6. At no point did the Defendant pay Plaintiff time-and-one-half his hourly rate for his hours worked over forty (40) each week.

7. Defendant's pay practices resulted in Plaintiff receiving less than (1) the legal minimum wage under the FLSA, IMWL and CCO for his first forty (40) hours worked between May 20, 2021, and May 27, 2021, and (2) time-and-one half for all hours worked in excess of forty (40) from May 20, 2021, until September 30, 2021.[1]

8. Defendant's failure to pay Plaintiff his earned and agreed to wages also violates the IWPCA.

9. As a result of these illegal pay practices, Plaintiff resigned on or about October 1, 2021.

**JURISDICTION & VENUE**

10. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 (federal question jurisdiction) 29 U.S.C. §216(b) (FLSA jurisdiction), and 28 U.S.C. § 1367(a) (supplemental jurisdiction).

11. Venue is appropriate in this district pursuant to 28 U.S.C. § 1391(b)(1), (2) (venue generally), and 29 U.S.C. § 216(b) (FLSA).

---

[1] The IMWL incorporates the FLSA's standards. See 820 Ill. Comp. Stat. § 105/1 et seq.; 820 Ill. Comp. Stat. § 105/4(a); *Morgan v. SpeakEasy, LLC*, 625 F. Supp. 2d 632, 650 (N.D. Ill. 2007) (Courts have held that the IMWL parallels the FLSA, and that the same analysis generally applies to both statutes) (citing *Ladegaard v. Hard Rock Concrete Cutters, Inc.*, 2004 WL 1882449, at *4 (N.D. Ill. 2004).

**PARTIES**

12. Plaintiff Syed Qadeer ("Qadeer") is a resident of Carol Stream, Illinois, and Defendant's former employee.

13. Defendant, Pooja Trading Co. ("Pooja"), is an Illinois for-profit corporation that maintains its principal place of business in Cook County, Illinois, within this judicial district.

14. Pooja owns and operates various 7-11 convenience stores throughout the state of Illinois.

15. 7-11 is a multinational chain of retail convenience stores, offering food, snacks, and hot and cold beverages.

16. Pooja is an "enterprise" as defined by the FLSA, 29 U.S.C. § 203(r)(1), engaged in commerce within the meaning of 29 U.S.C. § 203(s)(1)(A)(i)-(ii).

17. At all relevant times herein, Pooja was Plaintiff's employer, and Plaintiff was Pooja's employee, as defined by the FLSA, IMWL, CCO, and IWPCA. 29 U.S.C. § 203(d); 820 Ill. Comp. Stat. § 105/3; Cook County, Ill. Municipal Code, § 42/12; 820 ILCS 115/2.

18. At all times relevant herein, Plaintiff performed his job satisfactorily and to the reasonable business expectations of his employer.

**FACTS**

<u>Plaintiff's Employment with the Defendant</u>

19. On or about May 20, 2021, Pooja hired Plaintiff as a Night Cashier.

20. Plaintiff worked as a night cashier at one of Pooja's Skokie locations, located at 8357 N. Skokie Blvd, Skokie, IL 60077.

21. As night cashier, Plaintiff was responsible for, among other things, taking payments, cleaning the store, stocking the shelves, replenishing the cooler, washing dishes, making breakfast and other attendant responsibilities.

22. At all times relevant herein, Plaintiff was directed to report to store manager, Ahmed (last name unknown) ("LNU"). Ahmed also oversaw payment of Plaintiff's wages.

23. Defendant offered to pay Plaintiff at a rate of $11 per hour, and for Plaintiff to be paid at the conclusion of each week.

24. In exchange, Plaintiff agreed to work at least 40 hours per week, and to perform the duties set forth in ¶21.

25. Plaintiff accepted those unambiguous terms of employment.

26. Plaintiff regularly worked 11 hours per day, and seven days per week.

27. Plaintiff's hours were typically 9:00 p.m. until 7:00 a.m., Monday through Sunday.

28. Accordingly, in total, and on average, Plaintiff worked seventy-seven (77) hours per week between May 20, 2021, and September 30, 2021.

Defendant Breached Its Agreement with Plaintiff and Failed to Pay Earned Compensation

29. From approximately May 20, 2021, until May 27, 2021, Plaintiff worked a total of 77 hours.

30. Defendant failed to pay Plaintiff for his first forty (40) weekly hours worked for the Defendant between May 20, 2021, and May 27, 2021.

31. Accordingly, Plaintiff is still owed approximately $440.00 for approximately forty (40) hours worked under the IWPCA.

Defendant Illegally Failed to Pay Plaintiff the Minimum Wage

32. From approximately May 20, 2021, until May 27, 2021, Plaintiff worked more than forty (40) hours, specifically, 77 hours, without ever being paid the minimum wage for his first forty (40) weekly hours.

33. During this time, pursuant to the FLSA, the federal minimum wage was $7.25 per hour.

34. The regular rate of pay under the federal Fair Labor Standards Act, 29 U.S.C. § 201, *et seq*. ("FLSA"), is determined by dividing the total compensation in the workweek by the total hours worked in the workweek. See "Fact Sheet #56A: Overview of the Regular Rate of Pay Under the Fair Labor Standards Act (FLSA)," https://www.dol.gov/agencies/whd/fact-sheets/56a-regular-rate.

35. Accordingly, by virtue of Defendant's failure to pay Plaintiff for the minimum wage for the first forty (40) weekly hours worked during this time frame, Plaintiff's rate of pay was well below the federal minimum wage, and in violation of the FLSA.

36. At all relevant times herein, the minimum wage rate for the State of Illinois and Cook County was $11.00 per hour.

37. As a result of Defendant's illegal pay arrangement, Plaintiff received less than the legal minimum wage from May 20, 2021, until May 27, 2021, and in violation of the FLSA, IMWL, CCO.

38. Accordingly, Plaintiff is entitled to the minimum wage for his first forty (40) weekly hours worked for the Defendant between approximately May 20, 2021, and May 27, 2021.

<u>Defendant Illegally Failed to Pay Plaintiff's Overtime Wages</u>

39. Defendant also violated various federal, state, and municipal laws in failing to pay Plaintiff time-and-one-half for all hours worked in excess of forty (40) in a workweek.

40. Plaintiff was eligible for, and owed overtime pay compensation by virtue of his job title and duties, and did not fall into any exemptions to federal, state, or local federal overtime pay requirements.

41. Between May 20, 2021, and September 30, 2021, Plaintiff worked, on average, approximately seventy-seven (77) hours per week, meaning Plaintiff worked, on average, thirty-seven (37) hours of overtime per week.

42. On or about June 4, 2021, Plaintiff asked Ahmed (LNU), in person, whether he would be paid his overtime hours. Ahmed (LNU) explained to Plaintiff that Defendant does not pay overtime hours.

43. Defendant's failure to pay Plaintiff for the following pay periods resulted in Plaintiff receiving less than the applicable overtime rates under federal, state, and local law for the following workweeks, as defined by the FLSA:

    a. May 20, 2021 – May 27, 2021;

    b. May 27, 2021 – June 3, 2021;

    c. June 3, 2021 – June 10, 2021;

    d. June 10, 2021 – June 17, 2021;

    e. June 17, 2021 – June 24, 2021;

    f. June 24, 2021 – July 1, 2021;

    g. July 1, 2021 – July 8, 2021;

    h. July 8, 2021 – July 15, 2021;

    i. July 15, 2021 – July 22, 2021;

    j. July 22, 2021 – July 29, 2021;

    k. July 29, 2021 – August 5, 2021;

    l. August 5, 2021 – August 12, 2021;

    m. August 12, 2021 – August 19, 2021;

    n. August 19, 2021 – August 26, 2021;

    o. August 26, 2021 – September 2, 2021;

    p. September 2, 2021 – September 9, 2021;

    q. September 9, 2021 – September 16, 2021;

    r. September 16, 2021 – September 23, 2021; and

   s. September 23, 2021 – September 30, 2021.

44. Accordingly, Plaintiff is still owed time-and-one-half his hourly rate of $11.00 for all hours worked over forty (40) between May 20, 2021, and September 30, 2021.

<u>Defendant Failed to provide Plaintiff with a Written Agreement Setting Forth His Compensation</u>

45. The IWPCA provides, in relevant part, "Employers shall notify employees, at the time of hiring, of the rate of pay and of the time and place of payment. Whenever possible such notification shall be in writing and shall be acknowledged by both parties." 820 ILCS 115/10.

46. Defendant failed to provide Plaintiff with a written agreement setting forth the terms of his compensation, in violation of the IWPCA.

<u>Defendant's Failure to pay Plaintiff Pursuant to the Parties' Agreement Violates the IWPCA</u>

47. Defendant's failure to pay Plaintiff his agreed rate of pay between May 20, 2021, and May 27, 2021, also violates the IWPCA. 820 ILCS 115/2.

48. The IWPCA provides, in relevant part, that "Every employer shall pay the final compensation of separated employees in full, at the time of separation, if possible, but in no case later than the next regularly scheduled payday for such employee." 820 Ill. Comp. Stat. 115/5.

49. With respect to the IWPCA's mandate that employers pay their employees final compensation, the IWPCA defines "final compensation," in relevant part, as:

> Payments to separated employees shall be termed "final compensation" and shall be defined as ***wages***, salaries…and any other compensation owed the employee by the employer pursuant to an employer contract or agreement between the two parties.

820 Ill. Comp. Stat. 115/2 (emphasis added).

50. At all times relevant herein, Plaintiff fulfilled the obligations and completed the work he agreed to undertake for the Defendant.

51. At all relevant times herein, Ahmed (LNU) made all decisions related to employees' compensation, including Plaintiff and thus has knowledge of the same.

7

52. On or about May 27, 2021, after not being paid his agreed to and earned wages for the week of May 20, 2021, to May 27, 2021, Plaintiff inquired with Ahmed (LNU), in person, about his agreed to and earned wages. Ahmed (LNU) replied, "I will let you know in a couple of days."

53. Shortly thereafter, on or about May 30, 2021, Plaintiff once again asked Ahmed (LNU) about his agreed to and earned wages for the week of May 20, 2021, to May 27, 2021. Ahmed (LNU) responded, "we are not paying you for those hours worked as they were training hours."

54. On several occasions between June 4, 2021, and September 30, 2021, Plaintiff asked Ahmed (LNU) about his agreed to and earned wages for work performed the week of May 20, 2021, through May 27, 2021. Ahmed (LNU) failed to respond.

55. To date, Defendant has failed and refused to pay Plaintiff his agreed to and earned wages despite Plaintiff fulfilling all of his obligations pursuant to the parties' agreement.

56. By refusing to pay Plaintiff his earned wages, Defendant has breached their agreed and violated the IWPCA.

## COUNT I
## AGAINST POOJA
## FLSA – MINIMUM WAGE

57. Plaintiff incorporates Paragraphs 1 – 56 as though fully set forth herein.

58. Plaintiff brings Count I under the FLSA based on Defendant's failure to pay him the federal minimum wage under the FLSA between May 20, 2021, and May 27, 2021.

59. Pursuant to the FLSA, an action to recover unpaid wages may be maintained in any federal or state court of competent jurisdiction. 29 U.S.C. § 216(b).

60. The FLSA requires an employer to pay its covered, non-exempt employees the federal minimum wage for each hour worked in a workweek. 29 U.S.C. § 206(a)(1)(c).

61. Defendant, by its management or agents, violated the FLSA by requiring Plaintiff to work unpaid work hours, resulting in him receiving less than his previously agreed to rate, which

8

also resulted in him receiving less than the legal minimum wage under the FLSA for the first forty (40) weekly hours worked between May 20, 2021, and May 27, 2021.

62. Defendant's violation of the FLSA was willful.

63. As a direct result of Defendant's violation of the FLSA, Plaintiff suffered the loss of compensation in the form of receiving less than the federal minimum wage.

## COUNT II
## AGAINST POOJA
## IMWL – MINIMUM WAGE

64. Plaintiff incorporates Paragraphs 1 – 56 as though fully set forth herein.

65. Plaintiff brings Count II under the IMWL based on Defendant's failure to pay him the minimum wage rate under the IMWL between May 20, 2021, and May 27, 2021.

66. The IMWL requires an employer to pay all non-exempt employees the minimum wage. 820 ILCS 105/4(a).

67. Defendant, by its management or agents, violated the IMWL by requiring Plaintiff to work unpaid work hours, resulting in him receiving less than his previously agreed to hourly rate, which also resulted in him receiving less than the legal minimum wage as defined by the IMWL for the first forty (40) weekly hours worked between May 20, 2021, and May 27, 2021.

68. Defendant's violation of the IMWL was willful.

69. As a direct result of Defendant's violation of the IMWL, Plaintiff suffered the loss of compensation in the form of earning less than the minimum wage.

## COUNT III
## AGAINST POOJA
## CCO – MINIMUM WAGE

70. Plaintiff incorporates Paragraphs 1 – 56 as though fully set forth herein.

71. Plaintiff brings Count III under the CCO based on Defendant's failure to pay him the minimum wage rate under the CCO between May 20, 2021, and May 27, 2021.

72. The CCO requires that covered employers must pay their employees the greater of the minimum hourly wage set by the IMWL, FLSA or $13.00 per hour. Cook County, Ill. Municipal Code, § 42-13 (d).

73. Defendant, by its management or agents, violated the CCO by requiring Plaintiff to work unpaid work hours, resulting in him receiving less than his previously agreed to hourly rate, which also resulted in him receiving less than the legal minimum wage as defined by the CCO for the first forty (40) weekly hours worked between May 20, 2021, and May 27, 2021.

74. Defendant's violation of the CCO was willful.

75. As a direct result of Defendant's violation of the CCO, Plaintiff suffered the loss of compensation in the form of earning less than the minimum wage.

## COUNT IV
## AGAINST POOJA
## FLSA – OVERTIME PAY

76. Plaintiff incorporates Paragraphs 1 – 56 as though fully set forth herein.

77. Plaintiff brings Count IV under the FLSA based on Defendant's failure to pay Plaintiff at the overtime rate for all hours worked in excess of forty (40) per workweek, from approximately May 20, 2021, until September 30, 2021, and in violation of the FLSA.

78. The FLSA requires that employers pay all non-exempt employees one-and-a-half times their regular hourly rate of pay for each hour worked in excess of forty (40), in a given workweek. 29 U.S.C. § 207.

79. Defendant, by its management or agents, violated the FLSA by failing to pay time-and-a-half for all hours worked over forty (40), which resulted in Plaintiff receiving less than the legal overtime rate for hours worked in excess of forty (40) from May 20, 2021, until September 30, 2021.

80. Defendant's violation of the FLSA was willful.

81. As a direct result of Defendant's violation of the FLSA, Plaintiff suffered the loss of compensation in the form of unpaid overtime wages.

## COUNT V
## AGAINST POOJA
## IMWL – OVERTIME PAY

82. Plaintiff incorporates Paragraphs 1 – 56 as though fully set forth herein.

83. Plaintiff brings Count V under the IMWL based on Defendant's failure to pay Plaintiff at the overtime rate for all hours worked in excess of forty (40) per workweek, from approximately May 20, 2021, until September 30, 2021, and in violation of the IMWL.

84. The IMWL requires an employer to pay its covered, non-exempt employees one and one-half times their regularly hourly rate for each hour worked in excess of 40 in a workweek. 820 ILCS 105/3(c), (d).

85. Defendant, by its management or agents, violated the FLSA by failing to pay time-and-a-half for all hours worked over forty (40), which resulted in Plaintiff receiving less than the legal overtime rate for hours worked in excess of forty (40) from May 20, 2021, until September 30, 2021.

86. Defendant's violation of the IMWL was willful.

87. As a direct result of Defendant's violation of the IMWL, Plaintiff suffered the loss of compensation in the form of unpaid overtime wages.

## COUNT VI
## AGAINST POOJA
## CCO – OVERTIME PAY

88. Plaintiff incorporates Paragraphs 1 – 56 as though fully set forth herein.

89. Plaintiff brings Count VI under the CCO based on Defendant's failure to pay Plaintiff at the overtime rate for all hours worked in excess of forty (40) per workweek, from approximately May 20, 2021, until September 30, 2021, and in violation of the CCO.

90. The CCO requires employers to pay their covered, non-exempt employees one-and-one-half times their regularly hourly rate for each hour worked in excess of 40 in a workweek. Cook County, Ill. Municipal Code, § 42-15.

91. Defendant, by its management or agents, violated the CCO by failing to pay time-and-a-half for all hours worked over forty (40), which resulted in Plaintiff receiving less than the legal overtime rate for hours worked in excess of forty (40) from May 20, 2021, until September 30, 2021.

92. Defendant's violation of the CCO was willful.

93. As a direct result of Defendant's violation of the CCO, Plaintiff suffered the loss of compensation in the form of unpaid overtime wages.

## COUNT VII
## AGAINST POOJA
## IWPCA VIOLATION – UNPAID COMPENSATION

94. Paragraphs 1 through 56 are incorporated by reference.

95. Plaintiff brings Count VII under the IWPCA based on Defendant's failure to pay him earned, and agreed to wages, in violation of the IWPCA.

96. The IWPCA requires employers to pay their employees according to their agreements and to pay employees all earned wages or final compensation, including "any other compensation owed the employee by the employer pursuant to an employment contract or agreement between the 2 parties." 820 ILCS 115/2.

97. Pursuant to the IWPCA, an agreement may be reached by the parties without the formalities and accompanying legal protection of a contract and may be manifested by words or any other conduct, such as past practice. 56 Ill. Adm. Code 300.450(b).

98. Defendant promised to pay Plaintiff $11.00 per hour for every hour he worked for Defendant.

99. Plaintiff performed the work pursuant to his agreement with the Defendant.

100. At no point did the Defendant pay Plaintiff for the first forty (40) weekly hours worked from May 20, 2021, until May 27, 2021.

101. By refusing to pay Plaintiff his earned wages, Defendant breached its agreement with him and denied him final compensation to which he was lawfully entitled.

102. Defendant's failure to pay Plaintiff his agreed rate of pay violates the IWPCA. 820 ILCS 115/2.

103. Defendant's violation of the IWPCA was willful.

104. As a direct result of Defendant's violation of the IWPCA, Plaintiff has suffered damages in the form of lost earned compensation.

WHEREFORE, Plaintiff, Syed Qadeer, respectfully requests that this Court enter an order, granting judgment in his favor against Defendant Pooja Trading Co., awarding him:

A. Damages in the form of unpaid minimum wages and overtime pay under the FLSA;

B. Liquidated damages in the amount of double his actual damages under the FLSA for unpaid minimum wage and overtime pay violations;

C. Damages in the form of unpaid minimum wages and overtime pay for IMWL minimum wage and overtime pay violations;

D. Statutory damages for minimum wage and overtime pay violations pursuant to the 5% interest penalties and treble damages for IMWL violations that occurred on or after January 1, 2020, as is mandatory under the IMWL (820 Ill. Comp. Stat. 105/12(a));

E. Damages in the form of unpaid minimum wages and overtime pay pursuant to the CCO;

F. Statutory treble damages for unpaid minimum wages and overtime pay violations, pursuant to the CCO. Cook County, Ill. Municipal Code, § 42-23;

G. The amount of his earned and unpaid wages in accordance with the IWPCA;

H. Statutory damages equivalent to the maximum statutory monthly interest penalties available pursuant to 820 ILCS 115/14;

I. Plaintiff's reasonable attorneys' fees;

J. The costs of this action; and

K. Such other and further relief as this Court deems appropriate and just.

## JURY DEMAND

Plaintiff demands a trial by jury.

Dated: September 2, 2022.

| | |
|---|---|
| The Garfinkel Group, LLC<br>6252 N. Lincoln Avenue, Suite 200<br>Chicago, IL 60659<br>Max Barack (IARDC No. 6312302)<br>max@garfinkelgroup.com<br>Haskell Garfinkel (IARDC No. 6274971)<br>haskell@garfinkelgroup.com<br>Andrew Fullett (IARDC No. 6328490)<br>andrew@garfinkelgroup.com<br>(312) 736-7991 | Respectfully submitted,<br><br>*/s/ Andrew Fullett*<br>One of the Plaintiff's Attorneys |